## No. 11,484.

## DeBell v. The People.

Decided March 1, 1926.   Rehearing denied March 22, 1926.

Plaintiff in error was convicted of statutory rape.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Information—Affidavit.* There is no legal require-
ment that an affidavit in support of a criminal information must
be made by a resident of the county in which the information is
filed.

2.    *Change of Venue—Grounds.* That counsel for defendant had
had no opportunity to examine witnesses or jurors before trial,
held irrelevant to a motion for change of venue.

3. APPEAL AND ERROR—*No Objection in Trial Court.* Error assigned on
irregularities to which no objection was made in the trial court
will not be considered on review.

4.    *Evidence—Rulings.* In a prosecution for rape, the appellate
court will not consider assignments of error based on admission of
testimony of the mother of the prosecutrix as to complaints of the
daughter concerning the assault, where all objections made by
defendant's counsel to such testimony were sustained by the trial
court.

5.    *Remarks of District Attorney.* Objection based on alleged im-
proper remarks of the district attorney in the trial of a criminal
case will not be considered on review where the remarks are not
incorporated in the record.

6. CRIMINAL LAW—*Evidence—Improperly Obtained.* The fact, if it be
a fact, that evidence against defendant is wrongfully obtained, is
no reason for excluding it, if it is otherwise competent.

7.    *Evidence—Compounding a Felony.* Evidence of an attempt of
defendant in a criminal case to compound a felony in connection
with the crime with which he is charged is admissible as showing
conduct on his part inconsistent with that of an innocent man.

8.      *Evidence—Compounding a Felony.* Evidence of an attempt of a third party to buy off witnesses for the prosecution, is admissible against defendant, when coupled with evidence of a further prosecution of the attempt with his connivance and help.

9.      *Instructions—Other Crimes.* A requested instruction limiting the effect of evidence of another crime to the question of plan or design, held properly refused, where the evidence was competent as showing conduct on the part of the accused inconsistent with that of an innocent man.

10.     *Trial—Remarks of the Court.* In a criminal trial, under the facts disclosed, it is held there was no error in the remarks of the court limiting certain testimony to a transaction with which defendant was connected.

11. APPEAL AND ERROR—*Sufficiency of Evidence.* Evidence in a prosecution for statutory rape held sufficient to sustain a judgment of conviction.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. CHARLES E. HOLCOMB, Mr. HARRY G. SAUNDERS, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

DeBELL was convicted of the statutory rape of a girl fourteen years old. He brings error and moves for a supersedeas. He objects:

1.  That the information was bad because the affidavit in support of it was not made by a resident of Adams county where the information was filed. We know of nothing in the law requiring such residence.

2.   It is claimed a motion for continuance was overruled.   At 10:30 in the morning, the case being called, counsel for the accused moved to continue till 2 p. m., to give him time to prepare a motion for change of venue. The continuance was granted till 1 p. m., when the motion for change of venue was filed, heard, and overruled. It is argued here that counsel had no opportunity to examine witnesses or jurors, but that reason was not given to the court below on the motion for a continuance, but on the motion for a change of venue, to which it seems to be irrelevant.

3.   The plaintiff in error claims that the procedure of the court in accelerating the trial was irregular and erroneous.   The defendant after being bound over to the December term was tried and convicted in October, but no objection or exception to this proceeding appears in the record.

4.   It is objected that Lena Kavenaugh, mother of the prosecuting witness, was permitted to testify to the complaint to her by her daughter of the outrage.   The record shows that all objections to this testimony were sustained, so the question is not before us.

5.   It is claimed that the conduct of the district attorney in procuring evidence against the accused and remarks by him during the trial were sufficient to reverse the case.   What he said in argument is not in the record and his remarks elsewhere were not improper.

It is objected that he connived with the sheriff and others to entrap the defendant into a compounding of felony or bribery and was successful in it.   The evidence thus obtained was admitted.   The fact, if it be a fact, that the district attorney did wrong in this is not a matter which can avail the defendant to exclude the evidence. *Massantonio v. People,* 77 Colo 392, 236 Pac. 1019.   But he was not wrong because he did not initiate the scheme to bribe.

6.   It is objected that evidence of another crime was admitted, the crime referred to was the above mentioned

compounding of felony and bribery. The accused with one McCann, said to be his attorney, and one Ciancio and with two others charged with the same crime as the accused appeared before Lena Kavenaugh, the mother of the victim, and after some conversation paid her $3,000 to sign certain affidavits which she said were untrue, and quit the prosecution. By prearrangement the sheriff and deputy district attorney watched the proceedings and listened to them and immediately upon the payment of the money and before the signature of the affidavits entered the room and arrested the participants. The defendant was present at this time, joined in the conversation and himself paid the money.

Counsel for the accused apparently misconceive the force of this testimony. It was not admitted for the purpose of showing intent, purpose, plan, design, system or guilty knowledge; it was for the purpose of showing conduct by the defendant inconsistent with that of an innocent man, as, for example, resisting an officer or running away and was competent for that purpose. Mrs. Kavenaugh also testified that Ciancio had previously tried to buy her off and his conversation with her for that purpose was admitted. That was clearly competent when taken with the evidence of the further prosecution of the attempt, with the connivance and help of the defendant, which connected the two and from which the jury had a right to infer that it was all one scheme, and that the defendant was in it.

7. The court refused an instruction as to the above evidence of another crime, to the effect that the evidence was relevant only to the plan or design. The instruction was rightly refused, as shown above.

8. Improper remarks by the court: Upon objection to the testimony of Lena Kavenaugh, concerning her talk with Ciancio, the court said "objection overruled so long as it refers to the subject of the money." This reference to the money, it is claimed, was irrelevant. It was proper

because the court was there rightly limiting the testimony to the transaction with which the defendant was connected.

9. It is claimed the evidence is insufficient: The victim testified to the act; her mother that the defendant admitted it to her; Ciancio and McCann, defendant's attorney, tried to bribe the mother to drop the prosecution in defendant's presence and himself paid the three thousand dollars to procure a false affidavit, compound the felony and stop the prosecution. No more need be said.

The supersedeas is denied and the judgment affirmed.