No. 11,469.

## GRIPPA *v.* THE PEOPLE.

Decided March 1, 1926.   Rehearing denied March 15, 1926.

Plaintiff in error was convicted of statutory rape.

*Affirmed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*No Record.* Assignments of error, based upon proceedings concerning which the record is silent, will not be considered on review.

2. TRIALS—*Continuance.* Ruling of the trial court on a motion for a continuance will not be disturbed in the absence of a showing of abuse of discretion.

3. EVIDENCE—*Admission—Rulings.* Where the only objection to a question propounded to a witness is that it is leading, the appellate court will not pass upon the question of the impropriety of the evidence.

*Error to the District Court of Adams County, Hon. S. W. Johnson, Judge.*

Mr. HARRY G. SAUNDERS, Mr. CHARLES E. HOLCOMB, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

GRIPPA was convicted of the statutory rape of the same girl mentioned in *De Bell v. People,* 79 Colo. 137, 244 Pac.

600, decided herewith. He brings error and moves for supersedeas.

1. He objects that having been bound over to the December term he was forced to trial in October. The record shows no objection to the trial in October. His brief shows that the motion to continue to the December term was made in chambers and that the record does not show it. We cannot then consider it.

2. When the case was called for trial he moved for a continuance of 24 hours for further preparation. This was denied. In denying it the court states that counsel had already had a delay to enable him to prepare this and its companion cases, which he thought was enough. We cannot say that discretion was abused.

3. Upon the direct examination of Lena Kavenaugh, the mother of the victim, the following occurred:

"Q. What did she tell you with reference to what had occurred to her while she was out?

"Mr. Saunders: That is objected to, as improper.

"The Court: Yes, I don't think you can ask her the question in that way.

"Q Did she complain to you at that time that she had been the victim of an assault? A. She did.

"Mr. Saunders: We object to that as leading.

"The Court: The objection is overruled. (Exception.)

"Q. What did you say? A. I said she did."

This complaint took place on the same night as the assault, very shortly after it. It will be observed that the only objection to it was that the question was leading. The question of the impropriety of the evidence therefore is not before us.

The other objections are the same as those made in the case of DeBell and may be answered in the same way, Grippa was present at the attempted bribery.

Supersedeas denied and judgment affirmed.